STATE v. JOHN B. ADAMS.

192 N. W. (2d) 199.

November 19, 1971—No. 42183.

C. Paul Jones, State Public Defender, and Ronald L. Haskvitz, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, George M. Scott, County Attorney, and Henry W. McCarr, Jr., and David G. Roston, Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

PER CURIAM.

Defendant was charged by indictment with two counts, murder in the second degree and aggravated assault. He was convicted by a jury of a lesser degree of the first count, manslaughter in the first degree, and of aggravated assault. Both offenses arose out of a single behavioral incident when defendant, after tippling all day, shot his revolver either directly at the 43-year-old female victim or at the persons attempting to forcibly prevent his reentry into the victim's apartment, the bullet passing through her body and striking the hand of another female occupant. He was sentenced to imprisonment for an indeterminate term of not to exceed 15 years on the manslaughter charge, and he takes this direct appeal from the judgment of conviction. We affirm.

The sole issue is whether or not the evidence is sufficient to sustain the conviction. Six witnesses who were present during the incident testified for the prosecution. Although the versions given by the witnesses were in many respects conflicting as to the details of what occurred prior to and at the time of the shooting, our examination of the record considered in its entirety satisfies us that there is ample evidence to support the jury's verdict. With due regard to the presumption of innocence, the jury could reasonably find that defendant, even though struck with a club by the decedent before being forcibly evicted from her apartment, without justification and specifically not in self-defense, assaulted the two victims with a dangerous weapon thereby

causing the death of one, which acts the jury could conclude constituted the offenses of manslaughter in the first degree and aggravated assault in violation of Minn. St. 609.20(2) and 609.225, subd. 2.

Affirmed.